```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
INDEPENDENCE BANK,                 )
                                   )
                Plaintiff,         )
                                   )   C.A. No. 14-20 S
        v.                         )
                                   )
BALBO CONSTRUCTION CORPORATION,    )
                                   )
                Defendant.         )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

I.  Introduction and Facts

In this case, Independence Bank, a Rhode Island company, has brought suit against Balbo Construction Corporation ("Balbo"), a business organized and located in the U.S. Virgin Islands, for breach of contract, negligence and breach of the covenant of good faith and fair dealing.

The suit grows out of a contract between Independence Bank and Balbo. Pursuant to an unrelated bankruptcy action, Independence Bank took control of the St. Thomas Skyride ("Skyride"), property located in the Virgin Islands. (Compl. ¶¶ 9-10, ECF No. 1.) It contracted with Balbo to repair and improve the Skyride, but the project went poorly and this lawsuit followed. Balbo moves to dismiss the action for lack of personal jurisdiction and pursuant to the doctrine of forum non

conveniens (ECF No. 5). For the reasons that follow, Balbo's Motion to Dismiss is GRANTED.

II. Discussion

It is axiomatic that a court must have personal jurisdiction over the parties to hear a case. See United States v. Swiss Am. Bank, 274 F.3d 610, 617 (1st Cir. 2001). A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." Id. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Swiss Am. Bank, 274 F.3d at 618 (citations omitted). Here, Independence Bank acknowledges that there is no general jurisdiction, so only specific jurisdiction is at issue. (See Pl.'s Mem. of Law in Supp. of Objection to Def.'s Mot. to Dismiss ("Pl.'s Mem.") 10, ECF No. 7-1.)

Where, as here, the district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the "prima facie" standard governs. See

United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993). "Under this standard, it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution."[1] Id. at 44. While in order to meet this standard, the plaintiff must "go beyond the pleadings and make affirmative proof," the Court does not act as a factfinder; "rather, it accepts properly supported proffers of evidence by plaintiff as true and makes its rulings as a matter of law." Id.

Specific jurisdiction analysis involves a three-part inquiry:

> First, an inquiring court must ask whether the claim that undergirds the litigation directly relates to or arises out of the defendant's contacts with the forum. Second the court must ask whether those contacts constitute purposeful availment of the benefits and protections afforded by the forum's laws. Third, if the proponent's case clears the first two hurdles, the court then must analyze the overall reasonableness of an exercise of jurisdiction in light of a variety of pertinent facts that touch upon the fundamental fairness of an exercise of jurisdiction.

See Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

---

[1] Since Rhode Island's long-arm statute claims jurisdiction to the maximum extent permitted by the Fourteenth Amendment, see Almeida v. Radovsky, 506 A.2d 1373, 1374 (R.I. 1986), the inquiry must focus on whether asserting personal jurisdiction over the defendant is consistent with the Due Process Clause. See Hainey v. World AM Commc'ns, Inc., 263 F. Supp. 2d 338, 341 (D.R.I. 2003).

3

Here, the inquiry begins and ends with the first factor because Balbo's contact with the State of Rhode Island is, at best, de minimis. Independence Bank hangs its jurisdictional hat on the fact that Balbo entered into a contractual relationship with the knowledge that Independence Bank was a Rhode Island company and that Independence Bank's performance of the contract would occur in Rhode Island. (See Pl.'s Mem. 7.) Independence Bank also notes that it initiated payments to Balbo from Rhode Island. (Id.)

A contract with an out-of-state party, alone, is insufficient to confer specific jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985). A contract is "but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." Swiss Am. Bank, 274 F.3d at 621 (quoting Burger King Corp., 471 U.S. at 479). Therefore, the Court considers "prior negotiations and contemplated future consequences along with . . . the parties' actual course of dealing." Burger King Corp., 471 U.S. at 479.

Both Balbo and the Skyride are located in the Virgin Islands, the only place that Balbo does business. (See Aff. of Gerard Castor, Ex. A to Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss ¶¶ 2-4, ECF No. 5-1.) The contract at issue was negotiated and executed in the Virgin Islands by a Virgin

4

Islands attorney acting on behalf of Independence Bank.[2] (Id. at ¶¶ 5-6.) What is more, the contract was for services to be performed over a short period of just 90 days. Cf. Burger King Corp., 471 U.S. at 480 (entry into a 20-year contract with resident of the forum state sufficient to confer specific jurisdiction).

Independence Bank makes much of the fact that it initiated payments to Balbo from Rhode Island. "[T]he location of payments is a meaningful datum but does not command decretory significance" in assessing whether an action relates to or arises out of the defendant's contacts with the forum state. Daniels Agrosciences, LLC v. Ball DPF, LLC, No. 13-268, 2013 U.S. Dist. LEXIS 134732, at *34 (D.R.I. Aug. 28, 2013). Absent some indication that the act of making payment was itself a breach of contract, the mere initiation of a wire transfer by the plaintiff from the forum state is insufficient to trigger specific jurisdiction. See Phillips Exeter Acad., 196 F.3d at 291 ("[A]ny breach of fiduciary duty . . . occurred in Florida and arose when the Fund allegedly computed the payments in artificially low amounts. This means that the receipt of payment was merely an in-forum effect of an extra-forum breach

---

[2] Though this point is not pressed by either party, the contract governing repair of the Skyride calls for the application of "the law of the place where the Project is located." (See Ex. 1 to Pl.'s Mem. of Law in Supp. of Objection to Def.'s Mot. to Dismiss § 15.3, ECF No. 7-2.)

5

and, therefore, [is] inadequate to support a finding of relatedness.").

Because Balbo's contacts with Rhode Island are insufficient to satisfy the first prong of the inquiry, there is no need to address the remaining factors.[3]  See id. at 288 ("An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction.").  For the same reason, there is no need to separately address the issue of forum non conveniens.  Therefore, Balbo's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date:  July 9, 2014

---

[3] Even if Independence Bank were to prevail on this issue, it seems evident that it nevertheless could not establish the second and third elements, purposeful availment and reasonableness, respectively.  The purposeful availment inquiry focuses on the defendant's purposeful and voluntary direction of activities toward the forum state such that the defendant should expect to be subject to jurisdiction there.  See Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 292 (1st Cir. 1999).  The record reflects that Balbo did not direct activities of any kind toward Rhode Island, purposeful, voluntary, or otherwise.  Given the deficiencies with respect to the first and second elements, Independence Bank likewise could not satisfy the reasonableness element because to exercise jurisdiction over Balbo in these circumstances would be both unreasonable and fundamentally unfair.  See id. at 288.